[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13248
Non-Argument Calendar

_____

D.C. Docket No. 5:16-cv-00450-TES-MSH


ROBERT WRIGHT,

Plaintiff - Appellant,


versus


GEORGIA DEPARTMENT OF CORRECTIONS,
CYNTHIA NELSON,
Regional Director, Georgia Department of Corrections,
DR. SACHDIVA,
Dooly State Prison,
DOOLY SP WARDEN,
WARE SP WARDEN, et al.,

Defendants - Appellees.


_____

No. 19-10273
Non-Argument Calendar

_____

D.C. Docket No.  5:16-cv-00450-TES-MSH

ROBERT WRIGHT,

                                                  Plaintiff - Appellant,


                                    versus


GEORGIA DEPARTMENT OF CORRECTIONS, et al.,

                                                  Defendants,



DR. UTLEY,
Dentist, Dooly State Prison,

                                                  Defendant - Appellee.

                     _____

                Appeals from the United States District Court
                   for the Middle District of Georgia
                     _____

                          (June 25, 2020)

Before JILL PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

        Robert Wright, a Georgia state prisoner, appeals the district court's dismissal

of his 42 U.S.C. § 1983 civil rights action for failure to exhaust administrative

remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.

§ 1997e(a).  Wright's complaint alleged that while he was a prisoner at Dooly State

                                    2

Prison ("DSP"), Georgia Department of Corrections ("GDC") officials failed to provide adequate medical treatment for injuries he suffered when he was attacked in his cell by a fellow prisoner.  The district court dismissed this claim for failure to exhaust administrative remedies because Wright filed this action without waiting for the GDC Commissioner to respond to Wright's appeal of the denial of his grievance about this incident, as required under GDC's Standard Operating Procedures regarding grievances.  After careful review, we affirm the district court's dismissal.

## I.    BACKGROUND

Wright alleged that in October 2014, a fellow prisoner at DSP attacked him, "blindsid[ing him] with a blow to [his] face."  Doc. 1 at 10.[1]  Wright informed prison officials, who confirmed the attack, photographed his injuries, and then, without giving him any treatment, placed him in "'the hole' . . . where prisoners are sent to be punished."  Id. at 10-11.  The next day, defendants Westley Harper and Cornelius Hollis, prison guards, transported him to a regional trauma center.  Wright's x-rays showed that he had a fractured jaw, which, according to doctors there, needed "immediate treatment."  Id. at 11.  But Harper and Hollis instead transported Wright back to DSP, refusing him treatment

---

[1] Citations in the form "Doc. #" refer to the numbered entries on the district court's docket.

because "Atlanta would not pay for his care." *Id.* He received no treatment until nearly a month after his injury, when he was transferred to August State Medical Prison ("ASMP"), where he had surgery to remove several teeth and implant a metal plate in his jaw.

Two months after his surgery, Wright was transported back to DSP, where he received no additional treatment, despite having been referred to the dental department at DSP by ASMP's doctor. Wright then saw defendant Dr. Sachdeva, who put him on some medication and referred him to the prison dentist, defendant Robert Utley, for further treatment, including a custom mouthguard and medication to relax the nerves in his jaw. A couple of months later, at his annual physical, Dr. Sachdeva again referred Wright for dental treatment. Despite the referrals, he received no additional treatment until more than three years after the initial surgery, when he was returned to ASMP to undergo surgery to remove two teeth.

On August 24, 2016, Wright filed a grievance concerning his lack of medical or dental treatment; the warden denied the grievance one month later. Wright timely appealed the denial on September 27, 2016.[2] Before the GDC Commissioner resolved the appeal, Wright filed this § 1983 action in the Middle District of Georgia on October 17, 2016, alleging that by withholding medical

---

[2] The GDC Commissioner denied the appeal in April 2017.

4

treatment, the defendants had violated his constitutional rights.  The district court reviewed his complaint—under 28 U.S.C § 1915A(a) and 28 U.S.C. § 1915(e)—and allowed his claims for deliberate indifference to his serious medical needs against Harper, Hollis, and Utley to proceed.  Harper and Hollis moved to dismiss the claims against them, arguing that Wright failed to exhaust his administrative remedies.  The district court agreed, adopting the magistrate judge's recommendation that the claims should be dismissed because Wright did not wait the requisite time for the appeal of his grievance to be resolved before filing the lawsuit.  Utley then filed a motion for summary judgment on the same ground.  Construing the motion as a motion to dismiss, the district court again concluded that Wright failed to exhaust his administrative remedies and dismissed the claims.  This appeal followed.

## II.    STANDARDS OF REVIEW

We review *de novo* a district court's interpretation and application of the PLRA's exhaustion requirement.  *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005).  We review the factual findings underlying an exhaustion determination for clear error.  *Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008).

## III.    DISCUSSION

The PLRA requires prisoners who wish to challenge an aspect of prison life to exhaust all available administrative remedies before resorting to the courts.

*Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see* 42 U.S.C. § 1997e(a). Exhaustion is mandatory under the PLRA, and unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). The failure to exhaust administrative remedies requires dismissal of the action. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).

To satisfy the exhaustion requirement, a prisoner must complete the administrative process under the applicable grievance procedures established by the prison. *Jones*, 549 U.S. at 218; *Johnson*, 418 F.3d at 1156. In other words, "[t]he PLRA requires proper exhaustion that complies with the critical procedural rules governing the grievance process." *Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015) (internal quotation marks omitted).

An exception to the general rule requiring exhaustion is that a remedy must be "available" before a prisoner is required to exhaust it. *Turner v. Burnside*, 541 F.3d 1077, 1082, 1084 (11th Cir. 2008). The Supreme Court has identified three kinds of circumstances in which an administrative remedy is not available. *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. Next, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id*.

6

And finally, a remedy may be unavailable "when prison administrators thwart prisoners from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1860.

In response to a prisoner lawsuit, defendants may file a motion to dismiss raising as a defense the prisoner's failure to exhaust administrative remedies. *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015).  We have established a two-step process for deciding motions to dismiss for failure to exhaust under the PLRA.  *Id*.  District courts first should compare the factual allegations in the motion to dismiss and those in the prisoner's response and, where there is a conflict, accept the prisoner's view of the facts as true.  *Id*.  "The court should dismiss if the facts as stated by the prisoner show a failure to exhaust."  *Id*.  Second, if dismissal is not warranted at the first stage, the court should make specific findings to resolve disputes of fact, "and should dismiss if, based on those findings, defendants have shown a failure to exhaust."  *Id*.

DSP follows the GDC's Standard Operating Procedures ("SOPs") regarding grievances.  The SOPs mandate that a prisoner follow a two-step process to exhaust his remedies:  (1) file an original grievance, and (2) file an appeal to the Central Office.[3]  Generally, a prisoner "may file a grievance about any condition,

---

[3] Wright contends that the district court erred because it did not resolve whether the 2012 grievance policy or the 2015 grievance policy applied in this case.  But he failed to demonstrate that there was a material difference between the grievance policies such that the application of

7

policy, procedure, or action or lack thereof that affects the offender personally."

Doc. 25-2 at 14.  The prisoner must file the grievance within 10 days of the event

giving rise to it; the warden then has 40 days to respond to the grievance.  After the

warden issues a decision or the time to issue a decision expires, the prisoner may

file an appeal.  The GDC Commissioner then has 100 days to respond to the

appeal.

The district court did not err in dismissing Wright's complaint for failure to

exhaust administrative remedies.  The facts Wright alleged, viewed alongside

uncontradicted evidence offered by the defendants, established that he did not

exhaust his administrative remedies because he failed to complete the grievance

process before he filed this action.[4]  The GDC Commissioner had 100 days from

Wright's appeal of his grievance, filed September 27, 2016—until December 30,

---

the 2012 grievance policy would have meant that he exhausted his remedies.  Accordingly, the district court did not need to resolve this dispute.

[4] Wright argues that he had no meaningful opportunity to prove his claim because the magistrate judge's order did not specifically inform him of his right to pursue discovery on the exhaustion issue and the magistrate judge and district court thwarted his efforts to obtain discovery related to other issues, suggesting that seeking discovery as to the exhaustion issue would have been pointless.  This argument is meritless because in a notification of a pre-answer motion dismiss, the magistrate judge specifically informed Wright that he had a chance to develop the record by providing the court with affidavits or other documents showing that he had exhausted available administrative remedies.  Further, although Wright sought discovery from the trauma center and his medical and records to respond to the motion to dismiss, he never requested that the district court allow him discovery related to exhaustion.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1281 (11th Cir. 2009).  Having never brought his need for discovery on this issue to the attention of the district court, Wright has waived it.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

2016—to issue a decision. Wright filed this action on October 17, 2016. Because he did not wait until the GDC Commissioner responded to his appeal or the 100 days elapsed, he failed to fully exhaust his administrative remedies before filing his complaint. *See Harris v. Garner*, 216 F.3d 970, 981 (11th Cir. 2000) (concluding that facts as they exist when a complaint is filed should be considered when determining whether a prisoner has satisfied the PLRA's exhaustion requirement).

Citing *Turner*, 541 F.3d at 1082, Wright argues that the district court impermissibly shifted to him the burden of proof as to the availability of administrative remedies. Although he raised the availability issue before the district court, he makes the burden of proof argument for the first time on appeal and thus arguably waived it. "This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). But we need not decide whether the argument has been waived because it fails nonetheless.

Wright is correct that the defendants must first prove that a remedy was available to him before they can prove failure to exhaust the remedy. But he confuses the issue of whether a remedy is generally available (i.e., a grievance procedure exists) with whether a remedy was available to him practically

9

speaking. Nothing in *Turner* dictates that defendants initially establish this latter meaning of availability in establishing a lack of exhaustion. Instead, *Turner* mandates that "defendants bear the burden of proving that the plaintiff has failed to exhaust his *available* administrative remedies," which includes showing that a remedy is generally available. 541 F.3d at 1082 (emphasis added). Indeed, it is difficult to conceive of how a defendant could show that a plaintiff failed to exhaust his remedies without showing that there was a remedy to be exhausted. In response, the plaintiff may defeat the failure-to-exhaust argument by showing that the general remedy was effectively unavailable to him. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) ("Once the defendant has carried [the] burden [of proving a generally available administrative remedy], . . . the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."). Wright argued that the grievance process was an unavailable dead end because the wardens had never approved an inmate grievance involving medical treatment; however, he provided no factual support for this assertion. Accordingly, the district court did not err in concluding that the defendants satisfied their burden to show the failure to exhaust an available remedy and Wright failed to show that the remedy was effectively unavailable to him.

10

## CONCLUSION

For the above reasons, we affirm the district court's dismissal for failure to exhaust administrative remedies.

**AFFIRM.**